Van Brunt, P. J.
No evidence being presented, and only the judgment-roll being before the court, the only question to be determined is whether the findings of fact of the referee justified his conclusions of law.
The parties to this action had been co-partners, and this action was brought to settle their co-partnership accounts.
The referee reported that the total of the net receipts by both parties from the business of the firm was the sum of $6,635.46, one-third of which, $2,211.82, should be allowed to the plaintiff, and two-thirds, $4,423.64, should be allowed *876 to the defendant; and that the plaintiff should be charged with $3,157.20, including certain individual debts due from him to the defendant, leaving a balance due the plaintiff of $54.62.
In the findings in which the referee finds the total net receipts by both partners to be $6,635.46, is a statement that of this sum the plaintiff has received $587 and the defendant $6,048.46. How this sum of $587 is made up, nowhere appears. It does not seem to have been considered as a separate and distinct item, but to have been included in the sum of $2,157.20 with which the plaintiff is charged. In the absence of the evidence it is impossible for us to say how any of these amounts are arrived at. But assuming, as the referee has. found, that the plaintiff is only to be charged upon this accounting with $2,157.20, the conclusion of the referee is correct. It is true that in this computation the $587 referred to in the ninth finding is not specifically provided for, but it must have been included in the $2,157.20 in view of the finding of the referee that that is the total sum with which the plaintiff should be charged in this case, and that included receipts of the business by the plaintiff. Although this sum of $587 does not seem to be entirely explained, yet if it is not inconsistent with the findings of the referee upon which the judgment is based, nothing is to be presumed in its .favor for the purpose of a reversal of the. judgment.
The judgment must, therefore, be affirmed, with costs.
Daniels and Bradley, JJ., concur.